Filed 4/20/15  P. .v.  Caradine CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEVIN DUANE CARADINE,<br><br>    Defendant and Appellant. | A142889<br><br>(Marin County<br>Super. Ct. No. SC184207A) |

Kevin Duane Caradine was charged with possession of heroin for sale.  Caradine had been approached by a police officer in Novato, California, and the officer smelled marijuana.  Caradine admitted he had a marijuana cigarette, and a records check revealed that Caradine was on parole and had an outstanding warrant.  When another officer arrived at the scene, Caradine ran, was pursued, and was placed in custody.  The police searched Caradine and found heroin.

Caradine filed a *Pitchess* discovery motion and a motion to suppress evidence of the drugs seized from his person.  After the trial court denied these motions, Caradine pleaded guilty pursuant to a plea bargain.  The court sentenced Caradine to a term of six years, the first two years in custody and the final four years on mandatory supervision.

Caradine's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) (see *Anders v. California* (1967) 386 U.S. 738 (*Anders*)), in which he raises no issue for appeal and asks this court for an independent review of the record.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 124.)  Counsel attests

1

that Caradine was advised of his right to file a supplemental brief, but he has not exercised that right.

We have examined the entire record in accordance with *Wende*. We agree with counsel that no arguable issue exists on appeal and affirm.

## BACKGROUND

Police Officer Sean Sinnott was patrolling in his vehicle in downtown Novato, California, near Redwood Boulevard and Olive Avenue on February 1, 2013. At about 12:37 p.m. he saw Caradine, who was doing nothing suspicious, seated at a bus stop. Sinnott usually recognized a high percentage of people in the area, but he did not recognize Caradine, so he decided to engage in a consensual encounter with Caradine.

Sinnott parked his patrol car and walked to the bus stop at a normal pace. To Caradine's right at the bus stop was another man whom Sinnott also did not recognize. Sinnott asked Caradine how he was doing and Caradine asked what Sinnott wanted. Sinnott replied that he was "just saying hi." Caradine asked if he had done anything wrong, and Sinnott said he had not. Sinnott also spoke to the other man, who said he was on probation.

Sinnott asked Caradine and the other man for identification and both men gave Sinnott their identification cards. Sinnott called police dispatch for a records check on the two names. Either before asking for identification, or immediately afterwards, Sinnott smelled marijuana and continued to smell it while waiting for the records check. Sinnott asked the men if they had any marijuana. Caradine said that he had a marijuana cigarette and the other man denied having marijuana. A bus arrived, and Caradine wanted to board, but Sinnott told him he was not free to go. Sinnott allowed the other man to leave.

After about five minutes, dispatch informed Sinnott that Caradine was on parole and had an outstanding warrant. Sinnott waited for a covering officer to arrive before taking any action. When the other officer arrived, Caradine left his seat at the bus stop and ran across the four lanes and median of Redwood Boulevard. Sinnott pursued Caradine, caught up with him, and arrested him. Sinnott conducted two searches, one at

2

the site of the arrest and another at the police station. Sinnott found a marijuana cigarette, bindles of suspected heroin, two larger chunks of suspected heroin, and possible hashish.

On March 28, 2014, the People filed an information charging Caradine with possession for sale of a controlled substance (heroin), a violation of Health and Safety Code section 11351. The information alleged that Caradine had five prior convictions within the meaning of Health and Safety Code section 11370.2, subdivision (a). The information also alleged that Caradine was ineligible for probation because of the amount of heroin he possessed (Pen. Code, § 1203.07, subd. (a)(1)) and because of three prior convictions (*id.*, § 1203.07, subd. (a)(3)). Finally, the information alleged six prior convictions resulting in prison custody within the meaning of Penal Code section 667.5, subdivision (b).

On April 21, 2014, the court considered and denied a *Marsden* motion to relieve Caradine's appointed counsel.

Caradine filed a motion to suppress evidence of the drugs seized from his person and a motion seeking discovery pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. On April 29, 2014, the trial court held a hearing on the motion to suppress and denied the motion. On the same date the court conducted an in camera review of the *Pitchess* materials and denied Caradine's discovery motion.

On May 16, 2014, pursuant to a plea agreement, Caradine pleaded guilty to the charge of possessing heroin for sale and admitted having one prior conviction within the meaning of Health and Safety Code section 11370.2, subdivision (a), and one prison prior conviction within the meaning of Penal Code section 667.5, subdivision (b). The agreement provided that Caradine would receive the low term of two years on the charged count, plus the three-year enhancement under Health and Safety Code section 11370.2, subdivision (a), plus the one-year enhancement under Penal Code section 667.5, subdivision (b). The agreement also provided that Caradine would serve two years in custody and four years on mandatory supervision. The court struck the remaining allegations in the information.

On July 3, 2014, the trial court sentenced Caradine as provided in the plea agreement and imposed standard fines and conditions.

On August 22, 2014, Caradine timely filed a notice of appeal, indicating that the appeal was based on all of the following: (1) the sentence or other matters occurring after the plea that do not affect the validity of the plea; (2) the denial of his motion to suppress evidence; (3) the validity of his plea; and (4) a basis requiring that the defendant complete a request for a certificate of probable cause. Caradine requested a certificate of probable cause based on ineffective assistance of counsel, but the record does not indicate that the trial court responded.

## DISCUSSION

Caradine's appellate counsel represents that the opening brief is filed in accordance with *Wende*. The *Wende* court held: "We conclude that *Anders* requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende*, *supra*, 25 Cal.3d at p. 441.)

We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.

 

 

_____

STEWART, J.

We concur.


_____

KLINE, P.J.


_____

MILLER, J.